COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-375-CV
 
RONNIE K. BOREN AND VICTORIA                                                 
   APPELLANTS
BETH BOREN, INDIVIDUALLY AND
AS PARENTS OF WESLEY BOREN
AND DALTON BOREN
V.
GORDON GRIFFITH AND TOP OF                                                        
APPELLEES
TEXAS KID FOOTBALL LEAGUE, INC.
------------
FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY
------------
MEMORANDUM OPINION(1)
------------
       Appellants
Ronnie K. Boren and Victoria Boren, individually and as parents of Wesley Boren
and Dalton Boren, appeal a no-evidence summary judgment in favor of Gordon
Griffith and Top of Texas Kid Football League, Inc. See Tex. R. Civ. P.
166a(i). In one point on appeal, appellants assert that the trial court erred by
granting the summary judgment because there were questions of material fact
concerning appellants' allegations of 42 U.S.C. § 1983 civil rights violations
and intentional infliction of emotional distress.
       
Appellants sued appellees on November 3, 2000. According to their petition,
appellants' twelve-year-old son Wesley, who suffers from Attention Deficit
Hyperactivity Disorder, dyslexia, and auditory deficit, was suspended from the
Top of Texas Kid Football League, Inc. because of discipline problems, and their
younger son Dalton was denied the opportunity to play in the Pee-Wee League of
the Top of Texas Kid Football League, Inc. as a result of his brother's
suspension. Appellants allege that appellee Gordon Griffith is the "primary
leader and person in charge of the Top of Texas Kid Football League, Inc."
Their civil-rights-violation claim was based on the allegation that appellees
were acting under color of state law when appellants' children were denied the
opportunity to play youth football because Griffith is a County Commissioner for
Wichita County, Texas who uses equipment belonging to Wichita County, Texas to
further the interests of the Top of Texas Kid Football League, Inc. Appellants
also asserted an intentional infliction of emotional distress claim, alleging
that appellees' conduct in denying appellants' children the opportunity to play
youth football in the Top of Texas Kid Football League, Inc. caused appellants
to suffer "depression, humiliation, loss of enjoyment of life,
embarrassment, crying, loss of appetite and other severe emotional and mental
trauma."
       
On January 23, 2002, appellees filed a no-evidence motion for summary judgment. See
id. In their response, appellants cite three cases, without discussion,
which they claim "clearly defeat[]" the motion for summary judgment on
the civil rights claim and assert that they "have more than alleged all of
the elements" concerning their intentional infliction of emotional distress
claim, but they failed to come forward with any evidence to support either of
their causes of action. The trial court granted a partial summary judgment
because "there is no evidence to support the [appellants'] claims in this
case." The trial court subsequently granted appellees' attorney's fees(2)
and entered a final summary judgment in appellees' favor.
       
After an adequate time for discovery, the party without the burden of proof may,
without presenting evidence, move for summary judgment on the ground that there
is no evidence to support an essential element of the nonmovant's claim or
defense. Id. The motion must specifically state the elements for which
there is no evidence. Id.; Johnson v. Brewer & Pritchard, P.C., 73
S.W.3d 193, 207 (Tex. 2002). The trial court must grant the motion unless the
nonmovant produces summary judgment evidence that raises a genuine issue of
material fact. See Tex. R. Civ. P. 166a(i) cmt.; S.W. Elec. Power
Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).
       
We review the evidence in the light most favorable to the party against whom the
no-evidence summary judgment was rendered. Johnson, 73 S.W.3d at 197; Morgan
v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000). If the nonmovant brings forward
more than a scintilla of probative evidence that raises a genuine issue of
material fact, then a no-evidence summary judgment is not proper. Moore v. K
Mart Corp., 981 S.W.2d 266, 269 (Tex. App.--San Antonio 1998, pet. denied).
       
Appellees' motion for summary judgment was filed nine months after the first
written discovery responses were due in the case. In their motion for summary
judgment, appellees specifically stated the elements for which they asserted
there was no evidence: (1) that appellees acted under color of state law, and
(2) that appellees engaged in intentional or reckless conduct that was so
extreme and outrageous as to cause appellants' emotional distress. Appellants
did not produce any summary judgment evidence to raise a genuine issue of
material fact on these claims. Thus, the trial court had no discretion but to
grant the motion for summary judgment. See Tex. R. Civ. P. 166a(i) cmt.;
S.W. Elec. Power Co., 73 S.W.3d at 215.
       
We overrule appellants' point and affirm the trial court's judgment.
 
                                                           
ANNE GARDNER
                                                           
JUSTICE
 
PANEL B: LIVINGSTON, DAUPHINOT, and
GARDNER, JJ.
DELIVERED: June 5, 2003

1.  See Tex. R. App. P. 47.4.
2.  Appellants do not address the attorney's fees
award in the argument section of their brief.